**TAX COURT OF NEW JERSEY**



**JOSEPH M. ANDRESINI, P.J.T.C.**
PRESIDING JUDGE

125 State Street, Suite 100
Hackensack, NJ 07601
Tel: (609)815-2922 ex. 54570
Fax: (201)996-802

June 13, 2018

Marc A. Simonetti, Esq.
Eversheds Sutherland (US) LLP
1114 Avenue of the Americas
40th Floor
New York, NY 10036-7703

Michael J. Duffy, Esq.
Office of the Attorney General
Department of Law and Public Safety
25 Market Street
Trenton, NJ 08625-0106

> Re:  National Auto Dealers Exchange, LP v.  Director, Division of Taxation
> Docket No. 000028-2014

Dear Counsel:

This letter constitutes the court's opinion on defendant's, Division of Taxation (the "Division"), motion for reconsideration of the court's March 2, 2018, order, granting plaintiff's, National Auto Dealers Exchange, LP ("NADE"), motion for summary judgment.  The Division moved under R. 4:49-2 requesting the court to vacate the court's March 2, 2018 order granting NADE's motion for summary judgment and reinstate the case to the active docket.  In the court's February 26, 2018, opinion, Nat'l Auto Dealers Exch., L.P. v. Dir., Div. of Taxation, 30 N.J. Tax 343 (2018), the court found that the Division lacked statutory authority to assess Corporation Business Tax ("CBT") to NADE for tax years 2004-2009.

The Division claims that the motion should be granted because the court "overlooked statutory and legal issues" in its previous opinion.  Def.'s Letter Br. at 3.  First, the Division argues that the court relied in its decision on the committee comment to the previous version of the bill,

which is different from the final version that was adopted by the legislature. Id. at 4. Second, the Division claims that the court overlooked the statutory definition of "taxpayer" in N.J.S.A. 54:10A-4(h), -(5)g and (h), and was wrong to conclude that the partnership's duty to remit CBT depended on whether the underlying corporate partner entity is taxable at all. Id. at 6-7. Finally, the Division stated that the court unfairly considered Plaintiff's constitutional arguments because the constitutional question was not at issue and was allegedly raised by NADE for the first time in its reply brief. Id. at 7-8. The Division also stated that the court failed to consider the Division's opposition to constitutional argument based on International Harvester Co. v. Wisconsin, 322 U.S. 435 (1944), brought up during oral argument. Id. at 9. The Division then concluded that the court should find that the Division is permitted to audit and assess limited partnerships doing business in New Jersey for tax deficiencies of its nonresident corporate partners. Id. at 11.

NADE in its opposition papers noted that the commentary in question was identified by the court as a statement to the introduced bill, and was not the sole basis for the court's decision. Pl.'s Letter Br. at 5. NADE also stated that the court considered and rejected the Division's taxpayer argument. Id. at 6-7. Finally, NADE claimed that although the constitutional issue was not ruled on by the court and was raised by the Division in its opposition papers, there was no precedent preventing the court from considering it. Id. at 7-9. NADE concluded that the Division's motion must be denied because the motion proffered a disagreement with the court's reasoning without showing either that the court acted in an "arbitrary, capricious, or unreasonable manner" or that the court's opinion was made on "palpably incorrect or irrational basis", at least one of which is required in order to warrant reconsideration by the court. Id. at 9.

During the oral argument, the Division for the first time raised the argument that the court's opinion would prevent the Division from issuing the assessment to a limited partnership doing business in New Jersey when the nonresident corporate limited partner does not provide

partnership with consent to New Jersey taxation (Form NJ-1065E).

Legal Analysis and Conclusions of Law

The Director's moving papers request relief under R. 4:49-2, which requires the party to serve a motion for reconsideration or rehearing "not later than 20 days after service of the judgment or order upon all parties by the party obtaining it." R. 4:49-2.

A motion for rehearing and reconsideration filed with the New Jersey Tax Court is governed by R. 8:10, which states:

> The provisions of R. 1:7-4, R. 4:49-1 and R. 4:49-2 (Motion for New Trial and Motion to Alter or Amend a Judgment) shall apply to Tax Court matters except that all such motions shall be filed and served not later than 20 days after the conclusions of the court are announced orally or in writing, with respect to R. 1:7-4 and R. 4:49-1, and after the date of the judgment or order, with respect to R. 4:49-2.

> [R. 8:10.]

Because the Division filed this motion on March 22, 2018, the court finds it timely.

Decision on the motion for reconsideration lies within the sound discretion of the court, and these motions are rarely granted. Cummings v. Barr, 295 N.J. Super 374, 384 (App. Div. 1996). Rule 4:49-2, provides that such "motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred . . . ." R. 4:49-2. To decide the motion for reconsideration court is required to engage in a two-step process.

First, the litigant must demonstrate that the court "acted in an arbitrary, capricious, or unreasonable manner, *before* the Court should engage in the actual reconsideration process." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010). In other words, "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Id. Mere dissatisfaction with the Court's decision does not justify granting reconsideration. D'Atria v.

3

D'Atria, 242 N.J. Super. 394, 401 (Ch. Div. 1990).

Second, once the initial threshold is met, in order for a motion for reconsideration to be granted it must "fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings v. Bahr, 295 N.J. Super. at 384; Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002).

Here, the Division's brief clearly manifests the Division's disagreement with the court's decision, but it does not demonstrate that the court "acted in an arbitrary, capricious, or unreasonable manner." Id. As stated above, mere disagreement with the court's reasoning does not warrant reconsideration. D'Atria v. D'Atria, 242 N.J. Super. at 401.

The footnote in the court's previous opinion referring to A. Commerce, Tourism, Gaming and Military and Veteran's Affairs Comm. Statement to A. 3045 (June 4, 2001) was not the sole or even a significant basis for the court's decision, and was identified as commentary to the introduced bill that merely supported the court's ruling. The court's decision was founded on analysis and interpretation of the relevant CBT Act's provisions as enacted. A single footnote used to give additional support to the conclusion reached by the court through other means is hardly a "game-changer" that requires reconsideration of the court's decision.

Further, the Division is incorrect in stating that the court overlooked the statutory language of N.J.S.A. 54:10A-4(h), -(5)g, - 5(h), -15.7, and -15.11, which the Division used to support its partnership as taxpayer argument. On the contrary, the court expressly considered that language and, as a result of the court's interpretation of the CBT statute as a whole, rejected the Division's

4

proposed interpretation and effect of application of the term "taxpayer" to the case at hand. [1] Thus, this argument also does not support the contention that the court reached its decision in an arbitrary, capricious, or unreasonable manner.

Finally, although there is no bar for the court to consider the constitutional issue of nexus sua sponte, the Division invited the court to consider it by stating "Taxation is simply left to litigate whether the foreign corporate partner has nexus with New Jersey." Def.'s Br. in Opp. to Pl.'s Motion for Summ. J. at 10 (Dec. 11, 2017). In its February 26, 2018 decision, the court addressed this argument and concluded that in cases involving taxation by the state, under the U.S. Constitution and New Jersey law, the question of nexus between the state and the taxpayer is always potentially at issue. The court made no ruling as to whether the taxation by the state is constitutional in the case at hand. This determination was not unreasonable or even unfair as this subject was raised by the Division.

Overall, the Division's argument fails to show that the court or "acted in an arbitrary, capricious, or unreasonable manner," and thus does not overcome the initial threshold of a motion for reconsideration. Palombi v. Palombi, 414 N.J. Super. at 289. As a result, the court does not need to engage in the second step of the process and decide if the court's decision was "based upon a palpably incorrect or irrational basis."[2] Fusco, 349 N.J. Super. at 462. For these reasons, the court finds that the Division has not met its threshold burden for reconsideration and its motion must be denied.[3]

---

[1] The Division's present motion ultimately asks the court to overrule a holding the court did not make, i.e. that the Division can never audit and assess the deficiency against the partnership. Such a ruling would be outside of the issue presented in the case because the question before the court was whether filing Form NJ-1065E relieved NADE of the CBT obligations, not whether the Division can assess partnerships in other situations.

[2] This would be the only inquiry in the second step, because the Division in its brief did not raise an evidentiary issue.

[3] Even if the court were to find the Division had met the initial threshold, the motion would inevitably fail because, for the reasons discussed in this opinion, the Division cannot demonstrate that the court acted on "palpably incorrect or irrational basis." Fusco, 349 N.J. Super at 462.

## Conclusion

Because the Defendant failed to show that the court acted in acted in an arbitrary, capricious, or unreasonable manner, Defendant's motion is DENIED.

Very truly yours,

/s/ Hon. Joseph M. Andresini, P.J.T.C.